IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LINDA MESTER, *et al.*,

      *Plaintiffs*,

      v.

MJC AMERICA, LTD., *et al.*,

      *Defendants*.

Civil No.: 1:24-cv-01828-JRR

MEMORANDUM AND ORDER

Pending before the court is Defendants Gree USA, Inc. ("Gree USA"), Gree Electric Appliances, Inc. of Zhuhai ("Gree Electric"), and Hong Kong Gree Electric Appliance Sales, Ltd.'s ("Gree Hong Kong") (collectively, "Defendants") Motion to Vacate Clerk's Entry of Default (ECF No. 20; the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, the Motion will be granted.

I.    **BACKGROUND**

On June 24, 2024, Plaintiffs Linda and Michael Mester initiated this action against Defendants MJC America, Ltd., Gree USA, Gree Electric, and Gree Hong Kong, asserting claims of products liability, negligence, and punitive damages. (ECF No. 1.) On September 5, 2024, Plaintiffs filed proof of service of Gree USA[1] (ECF No. 10) and their Motion for Clerk's Entry of Default as against Gree USA, Gree Electric, and Gree Hong Kong. (ECF No. 11.) Per Plaintiffs' proof of service, Gree USA was served via its agent for process (per California law) on August 9, 2024. (ECF No. 10.)

---

[1] The court granted Plaintiffs leave to serve Defendant MJC America by substitute service in accordance with California law. (ECF No. 9.) MJC America was subsequently served on September 4, 2024. (ECF No. 18.)

On September 6, 2024, seven days following the date by which Defendants were to answer or otherwise respond to the Complaint, the Clerk entered default. *See* FED. R. CIV. P. 12(a)(1)(A). The notice of default was returned as to Gree Electronics and Gree Hong Kong. (ECF Nos. 16, 17.) Defendants filed their Answer 28 days after the Clerk's entry of default. (ECF No. 19.) On October 7, 2024, within the timeframe set forth in Local Rule 108.2(a), Defendants filed the instant Motion. (ECF No. 20.) Plaintiffs oppose vacatur of the default. (ECF No. 21.)

## II.    ANALYSIS

Under Federal Rule of Civil Procedure 55(c), the court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). "The disposition of motions made under Rule [ ] 55(c) . . . is a matter which lies largely within the discretion of the trial judge . . . ." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (quoting *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *see Saunders v. Metro. Prop. Mgmt., Inc.*, 806 F. App'x 165, 168 (4th Cir. 2020) ("[T]he law disfavors disposition by default and accords preference to resolving a case on its merits.").

The Fourth Circuit has identified six factors that district courts should consider when determining whether to set aside an entry of default: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne*, 439 F.3d at 204–205. "In weighing these factors, a district court should not 'place[ ] overarching emphasis on a single *Payne* factor.'" *Old Republic Nat'l Title*

*Ins. v. Georg*, No. CV RDB-21-0842, 2023 WL 2185777, at *3 (D. Md. Feb. 23, 2023) (citing

*Colleton Preparatory Acad.*, 616 F.3d at 419).  The court thus turns to its analysis of the *Payne*

factors.

### A.  <u>Meritorious Defense</u>

"All that is necessary to establish the existence of a meritorious defense is a presentation

or proffer of evidence, which, if believed, would permit the court to find for the defaulting party."

*Armor v. Michelin Tire Corp.*, 113 F.3d 1231 at *2 (4th Cir. 1997).  "The burden for proffering a

meritorious defense is not onerous."  *Russell v. Krowne*, No. CIV.A. DKC 08-2468, 2013 WL

66620, at *2 (D. Md. Jan. 3, 2013) (citing cases).  As this court has explained,

> "[A]ll that is necessary to satisfy the meritorious defense
> requirement is to allege sufficient facts that, if true, would constitute
> a defense." *United States v. Signed Pers. Check No. 730 of Yubran
> S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). "The question of
> whether the factual allegation[s] [are] true is not to be determined
> by the court when it decides the motion to set aside the default.
> Rather, that question would be the subject of the later litigation."
> *Mesle*, 615 F.3d at 1094

*Old Republic Nat'l Title Ins. v. Georg*, No. CV RDB-21-842, 2023 WL 3763976, at *7 (D. Md.

June 1, 2023); *see Russell*, 2013 WL 66620, at *2 (same).

Here, Defendants' Answer includes the requisite admission or denial of factual allegations,

a panoply of affirmative defenses, as well as a demand for trial by jury.  (ECF No. 19.)  In support

of their Motion, Defendants attach an affidavit and exhibits related to their potential defenses and

arguments regarding "causation and third party spoliation," as well as a "possible comparative

fault and possible useful life defense."  (ECF No. 20-1 at p. 8.)  Plaintiffs challenge the merits of

such defenses, as to be expected, but the court is unpersuaded to let the default remain intact,

because Defendants are not required to present or proffer more than they have provided.  Whether

their defenses will prevail is the stuff of litigation. *See Old Republic Nat'l Title Ins.*, 2023 WL 3763976, at *7, *supra*. This factor favors the Motion.

### B.  Reasonable Promptness

"[A] party attempting to set aside an entry of default must act with reasonable promptness in responding to the entry of default . . . ." *Nat'l Liab. & Fire Ins. v. Rooding*, No. CV ELH-15-2572, 2016 WL 5144493, at *7 (D. Md. Sept. 21, 2016) (quoting *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001)). Plaintiffs argue Defendants have "delayed the proceedings for months by evading service,"[2] *see* ECF No. 21 at p. 7. The court disagrees. Defendants' election not to waive service is not evasion. The Clerk entered default on September 6, 2024; Defendants filed their Answer on October 4, 2024, and their Motion on October 7, 2024, within the 30-day timeframe imposed by Local Rule 108.2. (ECF Nos. 19, 20.) Defendants filed a fulsome Motion supported by legal argument, affidavit, and other exhibits. Given the foregoing, the court is persuaded that Defendants' actions were reasonably prompt. This factor favors granting the Motion.

### C.  Personal Responsibility of the Defaulting Party / History of Dilatory Actions

"The third and fifth *Payne* factors can be addressed together." *Timilon Corp. v. Empowerment Just. Ctr. Corp.*, --- F. Supp. 3d ---, No. CV DKC 23-1134, 2024 WL 3276319, at *7 (D. Md. July 2, 2024). "In considering personal responsibility, district courts in the Fourth Circuit have found that default judgment 'is reserved only for cases where the party's

---

[2] Plaintiffs also urge that Defendants failed to act with reasonable promptness with respect to filing the instant Motion because they availed themselves of the full 30 days allowed for by the Local Rules. (ECF No. 21 at p. 7.) This argument is unpersuasive. Prior to learning of the entry of default, defense counsel reached out to Plaintiffs' counsel to inquire of the status of service of process to no avail; and after learning of the default entry only upon review of the docket (*i.e.*, not through opposing counsel despite their ongoing professional relationship pertaining to this dispute and other matters), defense counsel told Plaintiffs' counsel that his clients would file a motion to vacate if the parties did not reach a vacatur stipulation. (ECF No. 20-5.) Defense counsel's course of conduct was appropriate and not dilatory.

noncompliance represents bad faith or complete disregard for the mandates of procedure and the authority of the trial court.'" *Id.* (quoting *First Am. Fin. Corp. v. Homefree USA, Inc.*, No. 1:12-cv-02888-ELH, 2013 WL 2902856, at \*4 (D. Md. June 12, 2013), *report and recommendation adopted*, 2013 WL 6080178 (D. Md. July 8, 2013)).

Defendants admit they continue to investigate the cause of delay in learning of service and that defense counsel has known about the case since its inception. (ECF Nos. 20-1 at p. 9, 20-5.) While counsel's knowledge of this case's existence for over three months prior to default might suggest inattention when viewed on its own, nothing on the docket showed that service had been effected on Defendants until the day Plaintiffs moved for entry of default. (ECF No. 10.) Plaintiffs contend that Defendants' knowledge about the case and refusal to waive service were efforts to evade service and amount to dilatory inaction. For the same reasons set forth above, the court is not persuaded that these facts, when viewed in context, support the conclusion that Defendants were dilatory or "motivated by any intent . . . to disregard or derail the legal process." *Cofield v. Worktime, Inc.*, No. CV 22-00727-SAG, 2022 WL 2315723, at \*2 (D. Md. June 28, 2022).

In sum, the fifth factor favors the Motion and the third factor does not weigh markedly for or against the Motion. Even assuming the third factor weighed against vacating the default, it would not be dispositive in view of the court's analysis of the remaining factors and the Fourth Circuit's preference for resolving cases on their merits.

### D.  Prejudice to the Party

"[D]elay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory Acad., Inc.*, 616 F.3d at 418. There is no prejudice to Plaintiffs where the disadvantage is simply the "los[s] [of] a quick victory." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). Here, the slight delay in proceedings

is not a prejudice to Plaintiffs.  Further, no scheduling order has been issued so there will be no prejudice to Plaintiffs if default is vacated.  *See Cofield*, 2022 WL 2315723, at *3 ("Because no scheduling order has yet been set in this case as a result of the multitude of motions that must be addressed first, there will be no prejudice to Plaintiffs if the default is vacated.").

Plaintiffs contend they "may be prejudiced" because the "passage of time . . . present[s] general challenges" and "make[s] it more difficult to local fact witnesses." (ECF No. 21 at p. 10.) The court is not persuaded that a delay of a little more than a month (from the filing of the Motion) will affect witness availability or access to evidence.  The instigating event underlying this action occurred over two years before Plaintiffs filed suit and they present no facts of actual evidence unavailability attributed to the one-month delay.  This factor favors the Motion.

### E.  Availability of Less Drastic Sanctions

In light of the above analysis, the court does not find that some less drastic (or other) sanction is warranted, and Plaintiffs request none.  *See Mezu v. Morgan State Univ.*, No. CIV.A. WMN-09-2855, 2010 WL 1068063, at *6 (D. Md. Mar. 18, 2010) ("[T]he extreme sanction of judgment by default is reserved only for cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court.") (quoting *Mobil Oil Co. De Venez. v. Parada Jimenez,* 989 F.2d 494, 1993 WL 61863, at *3 (4th Cir. 1993)); (ECF No. 21-1 at p. 12).  The court is also mindful that Defendants sought a stipulation to vacate the default to avoid motions practice and to move the case along; Plaintiffs declined. (ECF No. 20-1 at p. 2; ECF No. 20-5.)  This factor favors the Motion.

III.    **CONCLUSION**

For the reasons above, it is this 19th day of December 2024,

**ORDERED** that the Motion (ECF No. 20) shall be, and is hereby, **GRANTED**; and further

it is

**ORDERED** that the Clerk's Entry of Default (ECF No. 12) shall be, and is hereby,

**VACATED**.

/s/
Julie R. Rubin
United States District Judge